IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ADAH ELBE                                                              PLAINTIFF

     v.                                    CIVIL NO. 09-6011

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                        DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Adah Elbe, appealed the Commissioner's denial of benefits to this court. On March 11, 2010, a report and recommendation was entered recommending that the case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. # 11). On March 30, 2010, the report and recommendation was adopted and the case was remanded for further consideration. (Doc. # 12). On May 7, 2010, plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA") requesting $3512.06 for 0.60 attorney hours for work performed in 2008 at an hourly rate of $172.50, 16.15 attorney hours for work performed in 2009 at an hourly rate of $171.25, and 3.70 attorney hours for work performed in 2010 at an hourly rate of $173.75. (Doc. # 13). The defendant has filed a response to plaintiff's motion, objecting to plaintiff's requested hourly rate. (Doc. # 15).

## EAJA:

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After

AO72A
(Rev. 8/82)

reviewing the file, we find plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

The Commissioner filed a response objecting to the hourly rate requested by plaintiff's counsel. (Doc. # 15). However, the Commissioner also stipulated that plaintiff is a prevailing party in this case. As there is no contention otherwise, we construe this as an admission that the government's decision to deny benefits was not "substantially justified."

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney. *Meyers v. Heckler*, 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also*, *Cornella v. Schweiker*, 728 F.2d 978 (8th Cir. 1984).

2

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir. 1991) (quoting *Cotter v. Bowen*, 879 F.2d 359, 361 (8th Cir. 1989). The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir.1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

**HOURLY RATE:**

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for the EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A). The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications

with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

Plaintiff's counsel seeks reimbursement for work performed in 2008 at an hourly rate of $172.50 per hour, $171.25 per hour for work performed in 2009, and $173.75 per hour for work performed in 2010. Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index. Plaintiff's counsel has attached a summary of the Consumer Price Index as an exhibit and has presented evidence of an increase in the cost of living. Accordingly, we find that plaintiff's counsel is entitled to an hourly rate above the maximum statutory rate of $125.00 per hour.

We find that an award based upon an hourly rate of $174.00 per hour, reflecting an increase in the cost of living is appropriate in this instance. In accordance with General Order No. 39, we have calculated the cost of living based on the Consumer Price Index for the South. We believe that routine application of this standard will result in consistent hourly fee awards in the Western District of Arkansas. *See Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990).

4

Thus, based upon the above factors, we find that an appropriate hourly rate for the award of attorney's fees in this case is $174.00 per hour for work performed in 2008, 2009, and 2010.

## ATTORNEY HOURS:

We next address the number of hours plaintiff's counsel claims he spent working on this case. Plaintiff's counsel seeks reimbursement for 0.75 hours for receiving documents returned by the post office marked "unclaimed," a phone with the Hot Spring's Clerk's office, and preparation of a second complaint and accompanying paperwork. These tasks could have easily been performed by support staff. *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir. 1987) (work which could have been completed by support staff is not compensable under the EAJA). Therefore, we recommend deducting 0.75 attorney hours from the total number of compensable hours.

In addition, counsel is asking for 0.15 attorney hours for receiving the Order Granting *In Forma Pauperis* status. As this is a simple, one-paged order filed in all cases in which a plaintiff requests to proceed *IFP*, we do not believe it should have taken counsel's attorney this amount of time to review the Order. According, we recommend reducing counsel's awarded time by 0.10 hours.

Counsel requests compensation for 14.10 attorney hours for preparing plaintiff's appeal brief. We note, however, that the transcript in this case was only 244 pages long. There were no unique or complex issues to be developed in this particular case. Further, plaintiff's counsel frequently represents social security plaintiff's before this court and should be well versed in social security law. Accordingly, we find the time submitted for preparing this brief to be

5

excessive. Therefore, we recommend reducing the number of hours submitted for the preparation of plaintiff's brief to 11.00 hours.

Likewise, counsel seeks reimbursement for 3.20 hours for preparing her EAJA motion and supporting documentation. We find this time to be excessive and conclude that 1.50 hours is sufficient compensation for the completion of the EAJA motion and its supporting paperwork. Therefore, we recommend deducting 1.70 hours from the total number of compensable hours sought.

**CONCLUSION:**

Based on the above, we recommend awarding plaintiff's attorney fees under the EAJA for: 14.80 (20.45-5.65) attorney hours, at the rate of $174.00 per hour for a total attorney's fee award of $2575.20. This amount should be paid in addition to, and not out of, any past due benefits which plaintiff may be awarded in the future.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the plaintiff.

6

Dated this <u>1st</u> day of July 2010.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

7